IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

       Plaintiff,

vs.                                                                     No. CR 98-252 MV

MICHAEL V. PEMBERTON,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO COMPEL DEFENDANT TO FURNISH BLOOD SAMPLES**

**THIS MATTER** comes before the Court on the Government's Motion to Compel Defendant to Furnish Blood Samples, filed July 17, 1998 **[Doc. No. 27]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

Defendant is charged in a two-count indictment with a Crime on an Indian Reservation, First Degree Murder and Use of a Firearm During a Crime of Violence. These charges resulted from the murder of Joachine Redhorse on March 10, 1998. The Government now seeks to compel Defendant to furnish blood samples so that the Government can compare Defendant's blood to blood found on the victim's clothing. The Government claims that a comparison of Defendant's blood to blood found on evidence obtained at the scene would support or refute Defendant's self-defense claim--particularly his allegation that he sustained injuries while defending himself.

## DISCUSSION

While intrusions into the human body to obtain blood samples do not implicate the Fifth Amendment, they are searches within the meaning of the Fourth Amendment and therefore require a showing of probable cause. *Schmerber v. California*, 384 U.S. 757, 767 (1966). The function of the Fourth Amendment is to "constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances . . . ." *Id.* at 768. The Supreme Court has established a two-part analysis to determine whether intrusions of this type are justified. *United States v. Dionisio*, 410 U.S. 1 (1973). First, the seizure of the subject must be lawful, and second, the search of the subject's body must be reasonable. *Id.* at 8. The parties do not dispute that Defendant was lawfully seized. The Court will therefore focus on whether the proposed search is reasonable.

With regard to a defendant's blood extraction, the Supreme Court observed that "[t]he interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search." *Schmerber*, 384 U.S. at 770.

Defendant apparently alleges that he acted in self-defense and, in fact, sustained injuries while protecting himself. The Government argues that the proposed search is reasonable because a determination of whether Defendant's blood was found at the scene will either support or refute Defendant's self-defense claim. However, the Government concedes that testing to determine whether more than one blood type was present at the scene has not been performed--supposedly

because the lab prefers to test all of the blood samples at once.  If only the victim's type of blood is found at the scene, then there is no reason for the blood sample to be taken from Defendant.  If two types of blood are found at the scene, then the prosecution may be warranted in requesting a blood draw as the evidence requested would be predicated on cause exceeding the "mere chance" that valuable information would result.

A showing of probable cause to make the sought after bodily intrusion reasonable in this case requires more justification than that provided by the Government.  Furthermore, in this situation, there is no danger that the blood type or DNA evidence the Government seeks will perish if they wait for the lab to confirm if two, or only one, blood types are involved.  While it may be more efficient for the lab to test all of the blood samples at once, Fourth Amendment protections do not rest on the Government's need for administrative convenience.

Absent a showing that blood other than the victim's was recovered from the scene of the crime, the Government has not established the probable cause necessary to warrant the bodily invasion requested.  To hold otherwise would be to allow the state to intrude upon an area in which our society recognizes a significantly heightened privacy interest on the mere chance that valuable evidence may be obtained.

**IT IS THEREFORE ORDERED** that the Government's Motion to Compel Defendant to Furnish Blood Samples, filed July 17, 1998 **[Doc. No. 27]** is **DENIED** without prejudice.  The Government may supplement its factual basis for establishing probable cause in a renewed motion pertaining to this matter.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE